## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| LIBERTY ACCESS TECHNOLOGIES LICENSING LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO.  2:22-CV-00507-JRG |
| ASSA ABLOY AB, ASSA ABLOY MOBILE SERVICES AB, ASSA ABLOY GLOBAL SOLUTIONS AB, | § § § § | |
| *Defendants*. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants ASSA ABLOY AB ("AAAB"), ASA ABLOY Mobile Services AB, and ASSA ABLOY Global Solutions AB's ("AAGS") (collectively, "Defendants" or "AA") Motion to Strike Discussion of Rule 408 Settlement Negotiations (the "Motion") (Dkt. No. 43). Having considered the Motion and the briefing related thereto, the Court is of the opinion that the Motion should be **DENIED**.

## I.    BACKGROUND

Plaintiff Liberty Access Technologies Licensing LLC ("Plaintiff" or "Liberty") filed this lawsuit against Defendants on December 30, 2022 asserting that Defendants infringed three United States Patents[1] (the "Original Complaint"). (Dkt. No. 1). For purposes of the Motion, there are several important events that predate the filing of the Original Complaint. On August 18, 2022, Liberty filed a lawsuit in this Court against Marriott International, Inc. ("Marriott") alleging

---

[1] The patents-in-suit are U.S. Patent No. 9,373,205, U.S. Patent No. 10,657,747, and U.S. Patent No. 11,373,474 (the "Asserted Patents").

Marriott's infringement of the Asserted Patents.[2] On December 1, 2022, AA, through its counsel, sent a letter to Liberty's counsel where, AA requested "a license to Liberty's Access Control Portfolio in exchange for AAAB's agreement not to file post-grant invalidity proceedings or declaratory judgment actions against any of Liberty's Access Control Portfolio based, at least in part, on technology and prior art uniquely in AAAB's possession." (Dkt. No. 46-2). Liberty did not respond to the letter. (Dkt. No. 46 at 6). AA's counsel called Liberty's counsel on December 15, 2022 and allegedly reiterated AA's demand for a license. (*Id*. at 7). On December 16, 2022, AA's counsel sent a second letter to Liberty's counsel stating, among other things, that AA looked "forward to a response to its proposal to enter into licensing discussions with Liberty before AAAB files post-grant proceedings with AAAB's art challenging the claims of or pursuing declaratory actions related to Liberty's Access Control Portfolio." (Dkt. No. 46-3). Liberty did not respond. (Dkt. No. 46 at 7). On December 23, 2022, AA's counsel sent an email wherein he requested that Liberty "sign an NDA…for receiving confidential correspondence on behalf of ASSA ABLOY regarding evidence of potential inequitable conduct committed during the prosecution of U.S. Patent No. 9,373,205…"[3] (Dkt. No. 46-4). Liberty did not respond to the email. (Dkt. No. 46 at 8). Liberty filed the Original Complaint a week later. (Dkt. No. 1).

Defendants have filed several motions seeking an early resolution of this dispute. On April 13, 2023, Defendants filed their Motion to Dismiss Pursuant to Rules 12(b)(5), 12(b)(6), and 12(b)(7) (the "Motion to Dismiss"). (Dkt. No. 12). Thereafter, Plaintiff filed its first Amended Complaint (the "Amended Complaint"). (Dkt. No. 15). On May 15, 2023, Defendants filed their Renewed Motion to Dismiss Pursuant to Rules 12(b)(5), 12(b)(6), and 12(b)(7) (the "Renewed

---

[2] *Liberty Access Technologies Licensing LLC v. Marriott International, Inc.*, 2:22-cv-00318 (E.D. Tex. Aug. 18, 2022) (the "Marriott Case").
[3] The December 1, 2022 correspondence, December 16, 2022 correspondence, and December 23, 2022 correspondence shall be collectively referred to as the "Letters."

Motion to Dismiss"). (Dkt. No. 20). Liberty filed an opposition in response to the Renewed Motion to Dismiss (the "Response to the Renewed Motion to Dismiss"). (Dkt. No. 25). Liberty also filed a sur-reply in opposition to the Renewed Motion to Dismiss (the "Sur-Reply to the Renewed Motion to Dismiss"). (Dkt. No. 30). AA thereafter filed another motion seeking to stay this proceeding pending *inter partes* review of the Asserted Patents (the "Motion to Stay"). (Dk. No. 24). Liberty filed a response in opposition to the Motion to Stay (the "Response to the Motion to Stay"). (Dkt. No. 29). On August 10, 2023, the Court denied the Motion to Stay. (Dkt No. 57).

AA's Motion moves to strike references, citations, and statements pertaining to the Letters in Plaintiff's Complaint, Amended Complaint, Response to the Renewed Motion to Dismiss, Sur-Reply to the Renewed Motion to Dismiss, and Response to the Motion to Stay. (Dkt. No. 43).

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure authorize courts, on their own accord or on motion, to "strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f)(1)–(2). Striking a pleading is "a drastic remedy to be resorted to only when required for the purposes of justice," and a motion requesting such relief should be granted "only when the pleading to be stricken has no possible relation to the controversy." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (internal quotation marks omitted) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)); see OKC Corp. v. Williams, 461 F. Supp. 540, 550 (N.D. Tex. 1978). When a party brings a Rule 12(f) challenge for redundancy, immateriality, impertinency, or scandalousness, courts should not strike a pleading or allegation simply because it " 'offend[s] the sensibilities' of the objecting party." *Gilchrist v. Schlumberger Tech. Corp.*, 321 F.R.D. 300, 301–02 (W.D. Tex. 2017) (quoting *United States v. Coney*, 689 F.3d 365, 380 (5th Cir. 2012)). Courts possess

"considerable discretion in ruling on a motion to strike." *E.S. v. Best W. Int'l, Inc.*, 2021 WL 37457, at *2 (N.D. Tex. Jan. 4, 2021) (citing *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993)).

"Rule 408 precludes admitting any 'conduct or statement made during compromise negotiations about the claim' 'to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction.'" *Ball v. LeBlanc*, 881 F.3d 346, 354 (5th Cir. 2018) (quoting Fed. R. Evid. 408(a)(2)). "This rule 'is designed to encourage settlements by fostering free and full discussion of the issues.'" *MCI Commc'ns Servs., Inc. v. Hagan*, 641 F.3d 112, 117 (5th Cir. 2011) (quoting *Ramada Dev. Co. v. Rauch*, 644 F.2d 1097, 1106 (5th Cir. 1981)). "Litigation does not need to have commenced for Rule 408 to apply," *MCI Commc'ns Servs.*, 641 F.3d at 117 (quoting *Lyondell Chem. Co. v. Occidental Chem. Corp.*, 608 F.3d 284, 295, n. 38 (5th Cir. 2010)) (internal quotation marks omitted). Typically, evidentiary objections are a non-issue at the pleading stage and are more appropriately dealt with at pre-trial. *Zhigalov v. Costilla*, No. 4:21-CV-087, 2021 WL 2662240 at *2 n. 1 (E.D. Tex. Jun. 19, 2021).

## III.   DISCUSSION

AA's Motion moves to strike references, citations, and statements pertaining to the Letters in Plaintiff's Complaint, Amended Complaint, Response to the Renewed Motion to Dismiss, Sur-Reply to the Renewed Motion to Dismiss, and Response to the Motion to Stay on the ground that the Letters are privileged settlement communications under Federal Rule of Evidence 408. (Dkt. No. 43). AA contends the Letters contain privileged settlement communications and reflect a dispute between the parties at the time the Letters were sent. (Dkt. Nos. 43, 48). According to AA, Liberty has used the Letters to "either show liability or to impeach" in violation of FRE 408. (Dkt. No. 43 at 14). Specifically, AA argues Liberty uses the Letters "to prove the validity of a disputed claim—that Defendants admit to infringing acts by 'tak[ing] personal responsibility for the specific

conduct [alleged to infringe].'" (Dkt. No. 48 at 6). AA further argues that Liberty uses the Letters to "impeach Defendants' credibility—by accusing Defendants of making 'express threats' and acting unethically and *criminally* in offering to provide certain information regarding Defendants' factual and legal positions under a non-disclosure agreement." (*Id*.).

Liberty responds that the Letters cannot be communications protected by Federal Rule of Evidence 408 for four reasons. (Dkt. No. 46). First, Liberty contends that since Liberty never responded to the Letters, there were no bilateral settlement communications between the parties. (*Id*. at 14). Second, Liberty argues that at the time the Letters were sent, "there was no dispute between Liberty and [AA]." (*Id*.). Third, at the time the letters were sent, Liberty had not authorized its counsel to engage in settlement discussions with AA. (*Id*. at 15). Finally, Liberty contends that the Letters contain threatening communications, and not offers of valuable consideration, which exclude the Letters from the protections of Rule 408. (*Id*.). Liberty further argues that even if the Letters contained settlement communications, Liberty has not used the Letters to prove or disprove the validity or amount of a disputed claim, or to impeach by prior inconsistent statement or contradiction. (*Id*. at 16). Rather, Liberty argues it used the Letters to demonstrate: (1) the existence of a legal dispute between AAAB and Liberty (as opposed to a dispute with AAGS), (2) a high likelihood of discretionary denial in the IPRs due to "abuse of process", and (3) that the Letters were unilateral and made for an improper purpose. (*Id*.). Liberty also argues that Defendants' request is premature. (*Id*. at 17).

The Court agrees that this request is premature. As a preliminary matter, Rule 408 concerns the "admission" of evidence. Fed. R. Evid. 408. At this juncture in the litigation, no evidence has been offered for admission. Further, the Court will not consider the Letters in ruling on Defendants' Renewed Motion to Dismiss, which was made pursuant to Federal Rules of Civil

Procedure 12(b)(5), 12(b)(6), 12(b)(7). In other words, the Letters are immaterial to deciding if there has been insufficient service of process, whether Plaintiff has stated a claim upon which relief can be granted, and if Plaintiff failed to join a party under Rule 19. Further, the Court did not consider the Letters when it denied (without prejudice) Defendants' Motion to Stay. To be clear, this Order should not be viewed as commenting on the admissibility of the Letters. The time for such a determination is at the pre-trial conference and not near the beginning of the litigation.

Finally, the parties' briefing raises significant concerns regarding the professionalism of the parties and their respective counsel. In Liberty's response to the Motion, it contends that the demand Letters are "threats of extortion", cites 18 U.S. Code § 875(d), and represents that "Liberty is now in the process of alerting the relevant authorities of this conduct." (Dkt. No. 46 at 5). AA, on the other hand, raises sensational and unhelpful arguments, including that Liberty engaged in "character assassination." (Dkt. No. 48 at 6). The Court expects the parties to conduct themselves in a professional manner. Zealous advocacy should never amount to personal attacks directed towards opposing counsel or parties. Further, the parties should note that this type of conduct is precisely the type of conduct that the Court considers when deciding whether a case is "exceptional" under 35 U.S.C. § 285.

## IV.    CONCLUSION

For the reasons set forth herein, Defendants' Motion is **DENIED**.

**So ORDERED and SIGNED this 11th day of August, 2023.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE